**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rebecca Lynn Balmorez,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Arthur Garnica, et al.,<br><br>　　　　　Defendants. | No. CV-25-08111-PCT-KML<br><br>**ORDER** |

    Plaintiff Rebecca Lynn Balmorez filed a complaint, a motion for temporary restraining order, an application to proceed in forma pauperis, and a "declaration of evidence." (Docs. 1-4.) Balmorez is entitled to proceed in forma pauperis but granting that application allows the court to determine whether the complaint states any claims on which she might be able to obtain relief. 28 U.S.C. § 1915(e)(1). It does not.

    Balmorez and defendant Arthur Garnica are the parents of minor children. Prior to November 2023, the children lived with Balmorez. In late November 2023, Garnica sought and obtained from the Mohave County Superior Court "an ex parte custody order removing the children from [Balmorez]." (Doc. 1 at 3.) Balmorez attempted to submit "rebuttal filings, evidence, and requested hearings to challenge the allegations" that were the basis for the custody order but defendants "Judges Lambert, Demke, and Gregory issued multiple rulings while refusing to admit [Balmorez's] evidence or allow her to testify." (Doc. 1 at 3.) The judges "gave the opposing party repeated extensions and allowed responses to be filed long after deadlines had passed," but refused to grant Balmorez "the

opportunity to respond or to be heard at scheduled hearings." (Doc. 1 at 3.) Eventually Balmorez appealed unidentified decisions but the superior court "failed to transmit [her] evidence to the appellate court." (Doc. 1 at 3.) Balmorez complained to "court administrators," including defendant Kip Anderson, but "[n]o corrective action was taken." (Doc. 1 at 4.)

Based on the actions by the state court judges and personnel, Balmorez "has been denied access to her children for over fifteen months." (Doc. 1 at 4.) Balmorez filed this suit against Garnica, three judges, Anderson, and four other individuals (Therese White, Crystal Bray, Della Hiser, and Megan Vigil). Balmorez does not explain who the four other individuals are, but she identifies all defendants except Garnica as "judges, clerks, [and] court officials." (Doc. 1 at 2.) Balmorez claims defendants violated her rights under the First, Fifth, and Fourteenth Amendments, and she alleges claims under 42 U.S.C. § 1983.[1] (Doc. 1 at 5.) She requests this court declare her rights were violated, restore her parental rights and contact, and award three million dollars in damages. (Doc. 1 at 6.)

Balmorez is attempting to sue state court judges and court personnel for actions taken in their judicial or quasi-judicial capacity. Balmorez cannot obtain money damages or injunctive relief against state judicial employees. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967) (discussing "the immunity of judges from liability for damages for acts committed within their judicial jurisdiction"); *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process."); *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) ("an injunction against a state court or its machinery would be a violation of the whole scheme of our Government"). The claims against the judges and other court employees are dismissed.

---

[1] In her filings Balmorez states she is seeking a writ of habeas corpus "pursuant to 28 U.S.C. § 2241." (Doc. 2 at 1.) A petition for writ of habeas corpus is allowed only when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Balmorez is not in custody and a writ of habeas corpus is not available to her.

The only remaining defendant is Garnica, who Balmorez alleges "repeatedly submitted false statements to the [state court]," removed Balmorez "from school and medical records, and interfered with parenting time without consequences." (Doc. 1 at 3.) Balmorez alleges Garnica took these actions "under color of state law" but she provides no explanation why Garnica might qualify as a "state actor." (Doc. 1 at 2.) Participating in state court litigation does not render a private individual a state actor. And based on Balmorez's allegations, there is no plausible basis to conclude Garnica is a state actor. *See Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021) (listing tests for private party to qualify as state actor).

Given who Balmorez named as defendants and the relief she is seeking, it would be futile to allow any amendment. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile.").

Accordingly,

**IT IS ORDERED** the Application (Doc. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** the complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment in favor of defendants and close this case.

**IT IS FURTHER ORDERED** the Motion for Temporary Restraining Order (Doc. 2) is **DENIED**.

Dated this 4th day of June, 2025.

Honorable Krissa M. Lanham
United States District Judge